**QIAO LING LIU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–2052–ag.**

United States Court of Appeals, Second Circuit.

Dec. 1, 2006.

Joan Xie, New York, New York, for Petitioner.

Joe W. Stecher, United States Attorney for the District of Nebraska, Russell X. Mayer, Assistant United States Attorney, Omaha, Nebraska, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Qiao Ling Liu, a native and citizen of the People's Republic of China, seeks review of an April 4, 2006, order of the BIA affirming the December 16, 2004, decision of Immigration Judge ("IJ") Noel Brennan, denying her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Qiao Ling Liu,* No. A77 293 917 (B.I.A. Mar. 22, 2006), *aff'g* No. A77 293 917 (Immig. Ct. N.Y. City Dec. 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

In this case, the IJ reasonably found incredible Liu's claim that she had a forced abortion in China, largely because her medical records indicated that she never told her doctor in the United States, when seeking care for a subsequent pregnancy, that she had ever been pregnant before, or undergone an abortion. The records also indicated an absence of evidence that Liu had previously undergone gynecological surgery. Although Liu claimed that she did not tell her doctor about the abortion because she was embarrassed that she was pregnant and unmarried, the IJ noted that at the time Liu sought prenatal care in the United States, she was also unmarried. The IJ reasonably surmised that a pregnant woman seeking prenatal care would disclose any information that could affect her pregnancy. The IJ also reasonably found that Liu's varied explanations for why she did not accompany her boyfriend, who went into hiding, to avoid a forced abortion when she first learned she was pregnant, while she fled China to avoid forcible insertion of an IUD, were inconsistent and implausible. Moreover, the IJ observed that Liu was "particularly evasive and unresponsive" in this portion of her testimony, and we afford particular deference to an IJ's assessment of demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005).

These inconsistencies constitute "specific, cogent reasons" that "bear a legitimate nexus" to the IJ's adverse credibility finding because they go to the heart of Liu's claim that she was forcibly aborted in the past, or that she was ever pregnant. *Secaida–Rosales v. INS,* 331 F.3d 297, 309 (2d Cir.2003); *Zhou Yun Zhang,* 386 F.3d at 74. Furthermore, the cumulative effect of Liu's inconsistencies provided substantial evidence for the IJ's adverse credibility finding. *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *Xiao Ji Chen,* 434 F.3d at 161.

Although some of the IJ's other reasons for the adverse credibility determination may have been based on impermissible speculation, remand would be futile in this case because the non-erroneous findings stated above provide sufficient support, standing alone. Thus we can confidently predict that these non-erroneous findings would lead the IJ to reach the same decision were the case remanded. *See Xiao Ji Chen,* 434 F.3d at 162.

Because Liu's withholding and CAT claims depend upon the factual predicate that she failed to establish for asylum, those alternate claims for relief fail for the same reason. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.